UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RUBEN M. HERNANDEZ,**

      **Plaintiff,**                          Case No. 18-cv-11433

      v.                                   District Judge Nancy G. Edmunds

**COMMISSIONER OF**                Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Ruben M. Hernandez seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 13) and Defendant's Motion for Summary Judgment (docket no. 16). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.**     **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 13) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 16) be **GRANTED**, and that the case be dismissed in its entirety.

## II.  PROCEDURAL HISTORY

Plaintiff applied for Supplemental Security Income ("SSI") on September 29, 2015, alleging that he has been disabled since August 18, 2015.  (TR 112–15.)  The Social Security Administration initially denied Plaintiff's claims on April 11, 2016.  (TR 64–71.)  On May 17, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Roy E. LaRoche, Jr.  (TR 24–47.)

On September 11, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims.  (TR 12–19.)  Plaintiff requested review by the Appeals Council, which was denied on March 8, 2018.  (TR 1–3.)  On May 7, 2018, Plaintiff commenced this action for judicial review.  (Docket no. 1.)  The parties filed cross motions for summary judgment, which are currently before the Court.  (Docket no. 13; docket no. 16.)

## III.  HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues.  (Docket no. 13, pp. 4–8.)  In addition, the ALJ summarized Plaintiff's medical record (TR 15–18), and Defendant adopted the ALJ's recitation of the facts (docket no. 16, p. 5).  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.  ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff did not engage in substantial gainful activity since September 24, 2015, the application date.  (TR 12.)  In addition, the ALJ found that Plaintiff had

2

the following severe impairments: "diabetes, neuropathy, lumbar spine degenerative disc disease, and obesity." (TR 14.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 15.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), subject to the following non-exertional limitations:

- Plaintiff can occasionally climb, kneel, stoop, crouch, and crawl.
- Plaintiff can have occasional exposure to extreme cold or wetness.

(TR 16.) Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of his past relevant work as a rehabilitation case aide. (TR 18.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the application date. (*Id*.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard*

*v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

  **B.**  **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

  (1)  Plaintiff was not presently engaged in substantial gainful employment; and

  (2)  Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past

work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

Plaintiff contends that the ALJ erred by determining that he had the capacity to walk and stand without the use of a cane. (Docket no. 13, pp. 9–11.) In addition, Plaintiff asserts that the ALJ erred by finding that Plaintiff could meet the requirements of his past relevant work. (*Id.* at 11–12.)

*1. RFC*

Plaintiff alleges that the ALJ "erred in not considering the effect of Plaintiff's use of a cane [as it relates to] his ability to perform light work." (*Id.* at 9.)

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) without the use of a cane. Jobs in the "light work" category require "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983).

In support, the ALJ cited the report of Dr. Cynthia Shelby-Lane, who opined that while Plaintiff used a cane to "reduce pain," it was not "needed" or "clinically req[uire]d." (TR 16 (citing TR 242).) The ALJ also referred to the opinion of state-agency physician Dr. William Jackson, who concluded that Plaintiff could perform light work without the use of a cane. (TR 18 (citing TR 48–61).)

Plaintiff offers no medical evidence to contradict the ALJ's reliance on these opinions. Accordingly, substantial evidence supports the ALJ's determination that Plaintiff can perform light work without the use of a cane.

Furthermore, during the hearing in this matter, the VE testified that Plaintiff could meet the requirements of his past relevant work even if he used a cane to ambulate. (TR 46.) Therefore, the ALJ's determination that Plaintiff did not need a cane is at most harmless error. *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654–55 (6th Cir. 2009) ("[W]e review decisions of administrative agencies for harmless error.").

Under a separate heading, Plaintiff contends that the ALJ failed to address the combined effect of the symptoms of his impairments. (Docket no. 13, pp. 13–14.) However, Plaintiff fails to cite medical evidence that would support any additional functional limitations. Accordingly, the ALJ did not err in this respect.

## 2. *Requirements of Past Relevant Work*

Plaintiff contends that the ALJ erred by determining that he could meet the requirements of his past relevant work as an outreach worker / rehabilitation case aide. (Docket no. 13, pp. 11–12.) Plaintiff asserts that his former job should not be classified as light work because it "required him to stand and walk more than 6 hours in an 8-hour day." (*Id*. at 12.)

However, as Plaintiff acknowledges, the ALJ also determined that Plaintiff could meet the requirements of his prior job as generally performed, which the VE classified as light work. (TR 18.) Accordingly, any improper classification of Plaintiff's past relevant work as actually performed is harmless error.

Under a separate heading, Plaintiff asserts that he cannot meet the requirements of his past relevant work, which required him to drive between five different locations, because he does not have a driver's license. (Docket no. 13, p. 12.) Again, however, the ALJ determined that Plaintiff could meet the requirements of his past relevant work as generally performed. The VE did not testify that the job as generally performed requires driving. (*See* TR 44–46.)

## VI.   CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 13) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 16) be **GRANTED**, and that the case dismissed in its entirety.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to

Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 11, 2019     s/Mona K. Majzoub
                         MONA K. MAJZOUB
                         UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 11, 2019     s/Sandra Osorio
                         Acting Case Manager