**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RUBEN M. HERNANDEZ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 18-11433

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
JULY 11, 2019 REPORT AND RECOMMENDATION [17]**

Pending before the Court is the Magistrate Judge's July 11, 2019 Report and Recommendation. (ECF No. 17.) The Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the findings of the Commissioner of Social Security. Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation. (ECF No. 18.) Defendant opposes Plaintiff's objections. (ECF No. 19.) The Court has conducted a *de novo* review of Plaintiff's objections. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, and **GRANTS** Defendant's motion for summary judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **AFFIRMS** the decision of the Commissioner of Social Security.

**I.**      **Standard of Review**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. Fed. R. Civ. P. 72(b); 28

U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981)).

**II. Analysis**

**A. Objection one: whether the Magistrate Judge failed to consider Plaintiff's use of a cane.**

In his first objection, Plaintiff argues that the Magistrate Judge erred by failing to find that the ALJ erred in concluding that Plaintiff could perform his past work as a rehabilitation case aide despite his alleged need for a cane. Plaintiff's objection is overruled. As an initial matter, much of Plaintiff's objection improperly focuses on alleged issues with the ALJ's findings as opposed to raising specific objections to the Magistrate Judge's conclusions. But to the extent Plaintiff raises valid objections to the Magistrate Judge's Report and Recommendation, his objections are without merit.

The ALJ found that Plaintiff had the RFC to perform light work, which included his prior occupation, without the use of a cane. As the Magistrate Judge observed, the ALJ relied on the opinions of Dr. Cynthia Shelby and Dr. William Jackson to support this finding. While the doctors acknowledged Plaintiff needed a cane to reduce pain, the doctors did not opine that a cane was clinically required or needed for ambulation. And

2

as the Magistrate Judge found, Plaintiff offers no medical evidence to contradict the ALJ's reliance on these opinions. Plaintiff similarly fails to offer any medical evidence indicating that a doctor opined that Plaintiff's pain when he was not using a cane prevented him from performing his former job. Accordingly, the Magistrate Judge correctly found that substantial evidence supports the ALJ's determination that Plaintiff can perform light work without the use of a cane.

Furthermore, as the Magistrate Judge found, the vocational expert testified that Plaintiff could meet the requirements of his past relevant work even if he needed to use a cane to ambulate. Plaintiff ignores this testimony in raising his objection. But this testimony means that even if the ALJ erred in concluding that Plaintiff did not medically need a cane for ambulation, such an error would be harmless under the facts and circumstances presented here.

**B. Objection two: whether the Magistrate Judge erred in finding that Plaintiff could perform his prior work.**

In his second objection, Plaintiff argues the Magistrate Judge erred in finding that the ALJ did not err in concluding that Plaintiff could meet the requirements of his past work as generally performed. Plaintiff states that the Magistrate Judge mischaracterizes his argument on this issue notwithstanding the Magistrate Judge's direct quotation from Plaintiff's briefing. Plaintiff contends that his true argument is that the VE did not testify that Plaintiff could perform his job as generally performed. Plaintiff's objection, however, is contradicted by the record. As the Commissioner points out, the VE testified that a person with Plaintiff's background and RFC could perform Plaintiff's former job, both actually and as generally performed. Plaintiff's objection on this issue is overruled.

Plaintiff further argues that the Magistrate Judge failed to adequately consider Plaintiff's claim that he cannot perform the requirements of his past relevant work because he does not have a driver's license. But the Magistrate Judge did consider and address this argument. And the Magistrate Judge found that the VE did not testify that Plaintiff's prior work, as generally performed, required driving. Plaintiff's objection on this issue is without merit and is overruled.

III. Conclusion

For the above-stated reasons, and for the reasons provided in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's Motion for Summary Judgment; **GRANTS** Defendant's Motion for Summary Judgment, and **AFFIRMS** the decision of the Commissioner.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 28, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager